## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSHUA ROBERT MUDD,**

    **Plaintiff,**

    v.                      **CASE NO. 20-3060-SAC**

**TRAVIS HENRY, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff, a pretrial detainee, is confined at the Saline County Jail in Salina, Kansas ("SCJ").  On June 17, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until July 17, 2020, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's Response (Doc. 6).

Plaintiff's claims regarding his conditions of confinement relate to restrictions on his phone privileges, his placement in solitary confinement, and a delay in receiving his law journal. The Court found in the MOSC that Plaintiff failed to allege an intent to punish on the part of SCJ staff.  Plaintiff alleges that his law journal was hidden from him when it was received at the SCJ, but acknowledges that another staff member provided it to Plaintiff.  The Court found that Plaintiff has not alleged long-term exposure to the conditions, and that Plaintiff has not alleged that his phone restrictions and placement in solitary confinement were done for any reason other than maintaining jail restrictions and security.[1]  Plaintiff alleges in his Response that staff did not

---

[1] The Court noted that it appears as though Plaintiff may have used the phone while at the SCJ to violate a protection order.  The Court notes that Plaintiff was charged on February 28, 2020, with 39 counts of violating a

have a "court order" authorizing the restriction in his phone privileges.  Plaintiff points to no authority suggesting that staff need court orders to enforce jail restrictions.  Plaintiff also suggests that his time spent in solitary confinement delayed his progress in his criminal cases.  However, Plaintiff points to no adverse consequences in any of his criminal cases.

The Court found in the MOSC that regarding Plaintiff's claims relating to his state criminal charges, the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  Plaintiff has not alleged in his Response that his state criminal proceedings have concluded.  The Court also found that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus.  Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff has not alleged that any conviction or sentence has been invalidated.

Plaintiff's Response fails to cure the deficiencies set forth in the MOSC.  Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 19, 2020, in Topeka, Kansas.**

           **s/ Sam A. Crow**
           **Sam A. Crow**
           **U.S. Senior District Judge**

---

protection order while housed at the SCJ.  All of the counts show a violation date of December 23, 2019, the location of the violation as the SCJ, and Defendant Shankle as the officer involved.  *See State v. Mudd*, Case No. 2020-CR-197 (Saline County District Court).